ORIGINAL

1983 FORM Rev. 01/2008

Thomas Marler   05720-093
Name and Prisoner/Booking Number
FDC Honolulu
Place of Confinement
P.O. Box 30080
Mailing Address
Honolulu, Hawaii 96820
City, State, Zip Code

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 29 2022

at __/__ o'clock and _25_ min. _P_ M
CLERK, U.S. District Court   w

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

Thomas Marler
_____
(Full Name of Plaintiff)

vs.

Estella Derr
_____

Dr. Pysh
_____

Ms. A. Lopez
_____

(Full Names of Defendants; DO NOT USE *et al.*)

Case No. _CV22 00088 JMS WRP_
(To be supplied by the Clerk)

### PRISONER CIVIL RIGHTS COMPLAINT

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. Jurisdiction is invoked pursuant to:

    a. ☐ 28 U.S.C. § 1343(a)(3) ; 42 U.S.C. § 1983
    b. ☒ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
    c. ☐ Other: (Please Specify) _____

2. Plaintiff: _Thomas Marler_____

    Institution/city where violation occurred: _Honolulu Federal Detention Ctr._____

3. First Defendant *: _Estella Derr_____

This defendant is a citizen of (state and county) _Hawaii_____ _Oahu_____,
and is employed as:

_Warden_____ at _Honolulu FDC_____.
    (Position and Title)                      (Institution)
This defendant is sued in his/her _X_ individual _X_ official capacity (check one or both). Explain how



Received By Mail
Date APR 29 2022
    w
Mailed On
Date APR 29 2022
    w

1983 FORM Rev. 01/2008

this defendant was acting under color of law:
The Defendant is the Warden of Honolulu FDC and directs all policy and procedures

at the facility

4.  Second Defendant: ___Dr. Pysh_____

This defendant is a citizen of (state and county) __Hawaii_____
Oahu_____, and is employed as:

Head of Psychology_____ at ___Honolulu FDC_____
(Position and Title)                              (Institution)

This defendant is sued in his/her _X__ individual _X__ official capacity (check one or both).  Explain how this defendant was acting under color of law:

The Defendant is responsible for the Psycholgy Department at Honolulu FDC and

inmate Russell Monlux is in his care.

5.  Third Defendant: ___Ms. A. Lopez_____

This defendant is a citizen of (state and county) ___Hawaii_____
Oahu_____, and is employed as:

Case Management Coordinator_____ at ___Honolulu FDC_____
(Position and Title)                              (Institution)

This defendant is sued in his/her _X_ individual _X_ official capacity (check one or both).  Explain how this defendant was acting under color of law:
The Defendant is responsible for specific placement of inmates within the

institution and spervises the actions of the facilities case managers.

(If you would like to name additional defendants, make a copy of this (blank) page and provide the necessary information.)

*       A defendant may be named in an individual or official capacity, or both.  To sue a defendant in their **individual capacity**, you must be able to state facts showing that the defendant was <u>actually</u> involved in violating your rights.  A suit against a defendant in their **official capacity** is in reality a suit against the <u>office or position</u> the defendant holds.  Only injunctive relief is available in an official capacity suit against a state official.  This is because the **Eleventh Amendment** confers immunity upon the state or its officials against monetary damages resulting from federal court litigation.

       "Color of law" refers to whether the person is a private party or an employee, official, or agent of a state, county, city, or the federal government.  There can be no civil rights action under § 1983 unless the defendant was "acting under color of law."  After the color of law requirement is met, then it must be determined in which capacity the defendant is being sued.

2

1983 FORM Rev. 01/2008

## B.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits while a prisoner:    ☒ Yes    ☐ No

2.  If your answer is yes, how many?: _____1_____ Describe the lawsuit in the spaces below.

3.  First previous lawsuit:

   a.  Plaintiff __Thomas Marler_____

       Defendants __Estella Derr, ET AL_____

   b.  Court and Case Number (if federal court, identify the district; if state court, identify the county):
       United States District Court, District of Hawaii  CV22-00108-LEK KJM

   c.  Claims raised: ____Medical Care_____

   d.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

       _____Pending_____

   e.  Approximate date of filing lawsuit __March 2022_____

   f.  Approximate date of disposition _____Pending_____

4.  Second previous lawsuit:

   a.  Plaintiff _____

       Defendants _____

   b.  Court and Case Number (if federal court, identify the district; if state court, identify the county):

       _____

   c.  Claims raised: _____

   d.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

       _____

   e.  Approximate date of filing lawsuit _____

   f.  Approximate date of disposition _____

3

1983 FORM Rev. 01/2008

5.  Third previous lawsuit:

a.  Plaintiff _____

    Defendants _____

b.  Court and Case Number (if federal court, identify the district; if state sourt, identify the county):

    _____

c.  Claims raised: _____

d.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

    _____

e.  Approximate date of filing lawsuit _____

f.  Approximate date of disposition _____

(If you have filed more than three lawsuits, make a copy of this (blank) page and provide the necessary information.)

6.  Have you filed any actions in federal court that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted? ___Yes ___No.

    **If you have had three or more previous federal actions dismissed for any of the reasons stated above, you may not bring another civil action in forma pauperis unless you are under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).**

4

1983 FORM  Rev. 01/2008

## C.  CAUSE OF ACTION

## COUNT I

1.  The following constitutional or other federal civil right has been violated by the Defendant(s):
The Defendants as individuals and in their official capacity violated the

Plaintiff's 8th Amendment rights.

2.  Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)  ☐Mail  ☐ Access to the court  ☐Medical care

☐ Disciplinary proceedings  ☐Property  ☐ Exercise of religion  ☐Retaliation

☐ Excessive force by an officer  ☒Threat to safety  ☐Other:_____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

The Plaintiff self-surrendered at FDC Honolulu on 1/18/2022 at the age of 62 with no BOP

orientation or understanding of the federal prison system. The Plaintiff was placed

in a quarantine unit (5B) in cell 5B-129. He remain there for 3 days by himself until

inmate Russell Monlux was placed in the 2 man locked down cell on 1/21/2022. The

Plaintiff remained in the locked down cell (23 1/2 hours per day at a minimum) until

2/14/2022. During the 37 days that the Plaintiff shared cell 5B-129 with Russell

Monlux, the Plaintiff was physically threatened on at least 3 occasions. Mr. Monlux

also threatened staff directly. Defendant Pysh interviewed the Plaintiff regarding

Mr. Monlux's homicidal tirades and threats to staff. In addition to being physically

threatened by Mr. Monlux, the Plaintiff was subject to Mr. Monlux's specific plans

***CONTINUED***

4.    Injury: (State how you have been injured by Defendant(s)' actions or inactions.
Severe psychiatric trauma, sleep deprivation, weight loss, lack of concentration

increased heart rate and other ill-effects to be determined by a physician.

5

COUNT I SUPPORTING FACTS CONTINUED

regarding the raping and killing of BOP staff.

The Plaintiff discussed the threat that he faced with CO Brunello when Mr. Monlux was issued an incident report by the CO. The Plaintiff was told by CO Brunello that it was policy (FDC Honolulu) to place psychotic inmates with inmates that institution thought might be a calming influence or at least inmates that would not set the psychotic inmates off. This was again communicated to the Plaintiff when he arrived in unit 5A by unit CO Paalani and was witnessed by another inmate.

When CO Brunello communicated this policy to the Plaintiff, the Plaintiff was not familiar with any aspect of the administrative remedy process. Neither CO Brunello, nor Defendant Pysh instructed the Plaintiff to register a complaint or submit an administrative remedy. The Plaintiff was merely placed in the cell with the violent Mr. Monlux to fend for himself, provide psycholgical counseling (or comfort) or be a punching bag.

When the Plaintiff submitted his initial complaint, he failed to address issues that were required by the Court. The Honorable Court pointed out these deficiencies with its response and "Leave to Amend". The Plaintiff did not specify US law and Bureau of Prison policy in his initial complaint due to his understanding of filing requirements. However, in order to address these deficienecies, the Plaintiff draws the Court's attention to Title 18 U.S.C. 3142 (i)(2) that states that "pretrial inmates are to be separated, to the extent practicable, from persons awaiting or serving sentences". Bureau of Prisons policy (7331.04) states "What is practible is contingent upon the individual institution's design, structure and operation. When it is not practicable to keep pretrial inmates separate, after intake screening and assessment, staff may permit based upon sound correctional judgment, pretrial inmates who <u>do not present a risk to the institution's security or orderly running to have regular contact with convicted inmates</u>." While the Plaintiff recognizes that the Court cannot force the Defendant's to follow Bureau of Prison's policies, U.S.C 3142 allows for the determination of "practicable" to be left to the Bureau of Prisons as a justification for inmate placement. The Bureau of Prisons then defines "practicable" in 7331.04.

Much of Mr. Monlux's violent history toward inmates and prison staff comes from the conversationsithat the Plaintiff had with CO's Brunello, Paalani and other staff members. During Mr. Monlux's homicidal threatening tirades in cell 5B-129, the Plaintiff received detailed descriptions of his assaults on staff and inmates however the Plaintiff was shocked to hear from staff that they were aware of these incidents. It is important to note that Defendant Derr receives daily emails from Mr. Monlux which clearly indicate his mental state. The Plaintiff has submitted a subpoena for this communication (emails) to Defendant Derr in order to present the evidence to the Court.

The Plaintiff became aware of the charges that Mr. Monlux faces only after he was moved to unit 5A. The full extent of the charges and past criminal history are not known to the Plaintiff, but as a Pretrial inmate, Mr. Monlux's charges should be known to all Defendants. That has not convinced the Defendants to place

Mr. Monlux in an isolation or Pretrial unit.

Placing Mr. Monlux with the Plaintiff represents deliberate indiffernce by all named Defendants. Defendant Derr has/had first hand knowledge of Mr. Monlux's mental state with the emails that she receives. The emails, which the Plaintiff has read several of, are violent and the Plaintiff would describe them as incoherent, but would leave that to the Hororable Court. Bureau of Prison policy is clear regarding the harassment of staff. The emails constitute harassment based on common sense and demonstrate the willingness that Defendant Derr has to permit the violation of policy regarding Mr. Monlux as he has received no disciplinary reports for the emails. Furthermore, Defendant Derr should have firsthand knowledge of Mr. Monlux's violent history. As the Warden of FDC Honolulu, common sense would dictate that from a small population (less than 300 federal inmates) those that pose a threat would be known to the Warden. Not to mention the fact that common sense would produce a reasonable conclusion that a warden that receives the emails that Mr. Monlux has sent would require a review of the inmates' mental health and history.

Dr. Pysh knowledge of Mr. Monlux history and interactions with him from January 21, 2022 through February 21, 2022 clearly indicate deliberate indiffence of the PLaintiff's safety. Not only is it reasonable to expect Defendant Pysh to be aware of Mr. Monlux's charges and violent history, but he should also be aware of Mr. Monlux's psychiatric diagnosis and medication.

Defendant Lopez is the Case Management Coordinator. The extent of her interaction with Mr. Monlux can only be assumed at this point based on Bureau of Prisons policy statements regarding the role of the Case Management Coordinator. The Plaintiff wishes to question Defendant Lopez through the Court pertaining to her contact with Mr. Monlux, however common sense dictates that Defendant Lopez was aware of the inmates that she manages which includes the Plaintiff. Placing the Plaintiff in a locked down cell with Mr. Monlux constitues deliberate indifference by Defendant Lopez.

The Honorable Court references prisons officials have a duty to "take reasonable measures to guarantee safety of the inmates" in the Court's "Leave to Amend". Not only does the Monlux situation indicate a failure on the part of Defendant Derr to guarantee safety, but the gang riot on July 12, 2021 does as well. The riot involved 30-plus inmates from a variety of gangs (La Familia, Murder, Inc., MS-13, Uso, Paisa, Tango and Northeno) and was the result of gambling debts. When the Plaintiff finally received the BOP required orientaion in late February on unit 5A, the attendees (40-plus inmates) were told by CO Bautista "we know that gambling is going on in the unit. Pay your debts and do not come to us for protection". The gambling which continues to this day occurs under 6 CCTV cameras and is frequestly watched by unit staff. Each hand of poker at the tables is in excess of $200 with hourly gambling of more than $5000 (per inmates that participate). It would be difficult for the Plaintiff to come up with a better example of irresponsible deliberate indifference than the sanctioned gambling by staff and it is more than reasonable to assume that this is with Defendant Derr's knowledge. Further evidence of this fact is that multiple inmates have filed civil actions against Defendant Derr in the past 30 days alledging gambling was the source of the gang riot, yet nothing has been done to halt this illegal activity.

PAGE 5B

Mr. Monlux did in fact threaten the Plaintiff with violence on at least three occasions, but the Plaintiff was not, as the Court (in it's Leave to Amend) states, harmed by a physical beating. However, the Plaintiff was terrorized by Mr. Monlux and would submit that fact that he was not struck by Mr. Monlux does not indicate a lack of harm. Were that the case, individuals that are charged with similar behavior outside of FDC Honolulu would not be charged with a variety of crimes. Indeed, what the Plaintiff suffered in cell 5B-129 would very well have resulted in charges brought against Mr. Monlux outside of the prison environment. The Plaintiff recognizes that the Bureau of Prisons, and specifically FDC Honolulu, has inmates with violent convictions in their past, but Mr. Monlux's situation is vastly different. Mr. Monlux has a history of assaulting inmates and is (according to staff) being forced to undergoe mental evaluation for his violent behavior. The Plaintiff contends that Mr. Monlux has been ordered by the federal judge, in the case he is currently facing, to be evaluated. The Plaintiff further contends that the United States Attorney's office in Honolulu has represented to the court that Mr. Monlux poses a significant threat to society. The Plaintiff has complete confidence in the United States Attorney's assessment of Mr. Monlux and, without examining what was presented to the court, accepts their assessment of Mr. Monlux's violent nature and mental state.

PAGE 5C

1983 FORM  Rev. 01/2008

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):

_____

_____

2.  Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)     ☐Mail        ☐ Access to the court     ☐Medical care

☐ Disciplinary proceedings     ☐Property     ☐ Exercise of religion     ☐Retaliation

☐ Excessive force by an officer     ☐Threat to safety     ☐Other:_____

3. **Supporting Facts:**(State as briefly as possible the FACTS supporting Count II, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.    Injury: (State how you have been injured by Defendant(s)' actions or inactions.

_____

_____

_____

6

1983 FORM  Rev. 01/2008

# COUNT III

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):

_____

_____

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)  ☐ Mail    ☐ Access to the court    ☐ Medical care

☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation

☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.    Injury: (State how you have been injured by Defendant(s)' actions or inactions.

_____

_____

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

7

1983 FORM  Rev. 01/2008

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite no cases or statutes.

$300,000.00

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. § 1746 and 18 U.S.C. §1621.

Signed this ___25___ day of ___April_____, __2022__ .
　　　　　　　　　　　　　　　(month)　　　　　　　(year)

_____
(Signature of Plaintiff)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than **fifteen (15) additional pages**.  Number these pages in relation to the final page number of the section that is being extended (i.e. additional defendants' pages should be numbered "2A, 2B, etc.," additional previous lawsuits' pages "4A, 4B, etc.," additional claims should be numbered "7A, 7B, etc." This form, however, must be completely filled in to the extent applicable.

8